IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CANTEL MEDICAL CORP., CHARLES M. DIKER, GEORGE L. FOTIADES, ALAN R. BATKIN, ANN E. BERMAN, MARK N. DIKER, ANTHONY B. EVNIN, LAURA FORESE, RONNIE MYERS, PETER PRONOVOST, KAREN N. PRANGE, STERIS PLC, SOLAR NEW US HOLDING CO, LLC, and CRYSTAL MERGER SUB 1, LLC,<br><br>　　　Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1.　On January 12, 2021, Cantel Medical Corp. ("Cantel" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by STERIS plc ("Parent"), Solar New US Holding Co, LLC ("Holdco"), and Crystal Merger Sub 1, LLC ("Merger Sub") (together, "STERIS") (the "Proposed Merger").

2.　Under the terms of the Merger Agreement, Cantel's stockholders will receive 0.33787 ordinary shares of Parent and $16.93 per share.

3.　On April 1, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Cantel common stock.

9. Defendant Cantel is a Delaware corporation. Cantel's common stock is traded on the New York Stock Exchange under the ticker symbol "CMD."

10. Defendant Charles M. Diker is Chairman of the Board of Directors of Cantel (the "Board").

11. Defendant George L. Fotiades is Chief Executive Officer and a member of the Board.

12. Defendant Alan R. Batkin is a member of the Board.

13. Defendant Ann E. Berman is a member of the Board.

14. Defendant Mark N. Diker is a member of the Board.

15. Defendant Anthony B. Evnin is a member of the Board.

16. Defendant Laura Forese is a member of the Board.

17. Defendant Ronnie Myers is a member of the Board.

18. Defendant Peter Pronovost is a member of the Board.

19. Defendant Karen N. Prange is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

21. Defendant Parent is a public limited company incorporated under the laws of Ireland.

22. Defendant Merger Sub is a Delaware limited liability company and a subsidiary of Holdco.

23. Defendant Holdco is a Delaware limited liability company and a subsidiary of Parent.

**SUBSTANTIVE ALLEGATIONS**

24. The Company is a global company dedicated to delivering innovative infection prevention products and services for patients, caregivers, and other healthcare providers.

25. On January 12, 2021, Cantel entered into the Merger Agreement, under which Cantel's stockholders will receive 0.33787 ordinary shares of Parent and $16.93 per share.

26. The press release announcing the Proposed Merger provides as follows:

DUBLIN, IRELAND and LITTLE FALLS, N.J. – (January 12, 2021) – STERIS plc (NYSE: STE) ("STERIS" or the "Company") and Cantel Medical Corp (NYSE: CMD) ("Cantel") today announced that STERIS has signed a definitive agreement to acquire Cantel, through a U.S. subsidiary. Cantel is a global provider of infection

3

prevention products and services primarily to endoscopy and dental Customers. Under the terms of the agreement, STERIS will acquire Cantel in a cash and stock transaction valued at $84.66 per Cantel common share, based on STERIS's closing share price of $200.46 on January 11, 2021. This represents a total equity value of approximately $3.6 billion and a total enterprise value of approximately $4.6 billion, including Cantel's net debt and convertible notes. The agreement has been unanimously approved by the Boards of Directors of both companies.

"We have long appreciated Cantel, which is a natural complement and extension to STERIS's product and service offerings, global reach and Customers," said Walt Rosebrough, President and Chief Executive Officer of STERIS. "Our companies share a similar focus on infection prevention across a range of healthcare Customers. Combined, we will offer a broader set of Customers a more diversified selection of infection prevention and procedural products and services. We welcome the people of Cantel to the STERIS team and firmly believe we will create greater value for our Customers and shareholders together."

Charles M. Diker, Chairman of the Cantel Board of Directors, has separately entered into a voting support agreement along with certain other entities collectively holding approximately 10% of Cantel's outstanding shares. Mr. Diker said, "We are pleased to reach this agreement with STERIS, which is the culmination of a robust process to achieve an outcome that allows Cantel shareholders to participate in the significant upside of the combined company, while also providing them with immediate cash value. Together with STERIS, we believe the value opportunity is compelling, both today and in a post-COVID world, as the combined company will have the scale, breadth and depth to unlock substantial value that will drive further benefits for Cantel shareholders, Customers and all stakeholders."

"We believe Cantel and STERIS are a perfect strategic fit, and this combination is a natural next step for our company, enabling us to accelerate progress on our Cantel 2.0 initiatives and drive enhanced value for shareholders and the healthcare providers and systems we support," said George Fotiades, CEO of Cantel. "The last year has demonstrated more than ever the importance of innovative and comprehensive infection prevention and control solutions that protect healthcare providers and patients. Together with STERIS, we will be able to provide a more extensive and innovative suite of offerings to our Customers around the world. Importantly, STERIS recognizes that our proven and talented team is the foundation of Cantel's success and we look forward to working collaboratively to bring our two organizations together."

This transaction brings together STERIS's and Cantel's franchises to create a stronger global business serving a broader set of Customers. Cantel's largest business, its Medical portfolio, will strengthen and expand STERIS's Endoscopy offerings, adding a full suite of high-level disinfection consumables, capital equipment and services, as well as additional single-use accessories. Cantel's

Dental business extends STERIS into a new Customer segment where there is an increasing focus on infection prevention protocols and processes. Annual revenue for Cantel in its recent fiscal year ended July 31, 2020, was approximately $1 billion, with adjusted EBIT of approximately $134 million.

Financial Highlights and Transaction Details

The companies expect to realize annualized pre-tax cost synergies of approximately $110 million by the fourth fiscal year following the close, with approximately 50% achieved in the first two years. Cost synergies are expected to be primarily driven by cost reductions in redundant public company and back-office overhead, commercial integration, product manufacturing, and service operations.

Under the terms of the agreement, Cantel common stockholders will receive approximately $16.93 in cash and 0.33787 of a STERIS ordinary share, or a total of value of approximately $84.66 per Cantel common share based on STERIS's closing share price of $200.46 on January 11, 2021. The transaction is anticipated to close by the end of STERIS's first quarter of fiscal 2022 (ending June 30, 2021), pending customary closing conditions including receipt of regulatory approvals and approval by Cantel stockholders.

STERIS expects to fund the cash portion of the transaction consideration and repay a significant amount of Cantel's existing debt with approximately $2.0 billion of new debt and has obtained fully committed bridge financing. []

Advisors

Guggenheim Securities is serving as financial advisor to STERIS and Jones Day is serving as legal counsel. JPMorgan Chase Bank, N.A., served as sole lead arranger and bookrunner in respect of the bridge financing. Centerview Partners LLC is serving as exclusive financial advisor to Cantel and Wachtell, Lipton, Rosen & Katz is serving as legal counsel.

27. On April 1, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

## Financial Analyses

28. The 424B3 fails to disclose material information regarding the financial analyses performed by Centerview Partners LLC ("Centerview"), Cantel's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated

5

by those analyses must be fairly disclosed.

29. The 424B3 fails to disclose the following regarding Centerview's Selected Transaction Analysis: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

30. The 424B3 fails to disclose the following regarding Centerview's Discounted Cash Flow Analysis of Cantel: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the number of fully-diluted outstanding shares of common stock of the Company.

31. The 424B3 fails to disclose the following regarding Centerview's Analyst Price Target Analyses: (i) the observed price targets; and (ii) the sources of the observed price targets.

32. The 424B3 fails to disclose the following regarding Centerview's Premiums Paid Analysis: (i) the observed transactions; and (ii) the premiums paid in the observed transactions.

33. The 424B3 fails to disclose the following regarding Centerview's Discounted Cash Flow Analysis of STERIS: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the number of fully-diluted outstanding shares of STERIS.

34. The 424B3 fails to disclose the financial analyses performed by Centerview for the pro forma combined company.

Financial Projections

35. The 424B3 fails to disclose material information regarding Cantel's and STERIS's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial

advisor in support of its fairness opinion.

36. The 424B3 fails to disclose the following regarding Cantel's financial projections: (i) the line items used to calculate adjusted EBITDA; (ii) the line items used to calculate unlevered free cash flow; (iii) when Cantel management prepared the projections reviewed at the December 9, 2020 Board meeting; (iv) whether the projections were revised following the December 9, 2020 Board meeting; and (v) whether the projections relied upon by Centerview included Cantel's first quarter earnings.

37. The 424B3 fails to disclose the following regarding STERIS's financial projections: (i) the line items used to calculate adjusted EBITDA; and (ii) the line items used to calculate unlevered free cash flow.

<u>Background of the Proposed Merger</u>

38. The 424B3 fails to disclose material information regarding the background of the Proposed Merger.

39. The 424B3 fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill or don't ask, don't waive provisions.

40. If disclosed, the omitted information would significantly alter the total mix of information available to Cantel's stockholders.

**COUNT I**

**Claim Against the Individual Defendants and Cantel for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in

light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

43. Cantel is liable as the issuer of these statements.

44. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

45. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

46. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

47. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

48. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

49. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

50. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and STERIS for Violation of Section 20(a) of the Exchange Act**

51. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

52. The Individual Defendants and STERIS acted as controlling persons of Cantel within the meaning of Section 20(a) of the Exchange Act as alleged herein.

53. Due to their positions as officers and/or directors of Cantel and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants and STERIS was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

56. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

57. STERIS also had supervisory control over the composition of the 424B3 and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the 424B3.

58. Accordingly, the Individual Defendants and STERIS violated Section 20(a) of the Exchange Act.

59. The Individual Defendants and STERIS had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

60. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

61. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 14, 2021                 **GRABAR LAW OFFICE**

                                            By: _/s/ Joshua H. Grabar_
                                                    Joshua H. Grabar (#82525)
                                                    One Liberty Place
                                                    1650 Market Street, Suite 3600
                                                    Philadelphia, PA 19103
                                                    267-507-6085
                                                    jgrabar@grabarlaw.com

                                                    *Counsel for Plaintiff*